[Sac. No. 1132.    Department One.—November 20, 1903.]

KATE BORIES, Claimant, Appellant, v. UNION BUILDING AND LOAN ASSOCIATION, T. W. O'NEIL, and L. HEILBRON, Receivers and Trustees, HERMAN STEINMAN et al., Creditors, and J. C. DEVINE, Stockholder-Plaintiff, Respondents.

Building and Loan Association—Attachment Lien—Costs—Injunction—Petition of Stockholder—Receivers.—An attachment upon a note of a building and loan association, levied upon its land, before the commencement of an injunction suit by the attorney-

general to restrain its business, creates a valid lien for the amount of the note and costs of suit, which is not affected by the injunction suit; and subsequent receivers appointed upon petition of a stockholder of the association to wind up its business, took the attached property charged with the lien of the attachment.

ID.—SALE OF ATTACHED PROPERTY—LIEN UPON PROCEEDS—PRO RATA DISTRIBUTION.—Upon a sale of the attached property by the receivers, the proceeds were still charged with the lien for the amount of the note·and costs of the attachment suit, and must be applied by the receivers in payment thereof in full, if sufficient; and the claimant of the lien can only be made to share with unsecured creditors in a *pro rata* distribution of assets, as to the amount of any unsecured deficiency.

ID.—IMPROPER DISTINCTION AS TO CLAIMS—MONEY LOANED—NOTE FOR DEBT—ERRONEOUS JUDGMENT.—There is no ground for the distinction in the judgment of the superior court in allowing claims in full for "cash money loaned" to the association, and in rejecting the validity of the attachment levy of appellant upon a note·given in discharge of a debt or liability of the association for a given sum, due for the surrender of stock worth the face value of the note, and ordering the note paid *pro rata* with other creditors, after full satisfaction of all claims for cash money loaned to the corporation. The court was not justified in putting all claims for money loaned in a preferred class to be paid in full.

APPEAL from a judgment of the Superior Court of Sacramento County. J. W. Hughes, Judge.

The facts are stated in the opinion.

M. S. Wahrhaftig, for Appellant.

A. M. Johnson, for Thomas W. O'Neil, Receiver, Respondent.

Devlin & Devlin, for L. Heilbron, Receiver, Respondent

Hiram W. Johnson, for Plaintiff-Respondent.

H. C. Ross, Hinkson & Elliott, Prewett & Henderson, R. Platnauer, A. L. Shinn, A. E. Miller, Frank Brown, W. A. Gett, and Isaac Joseph, for various Creditors, Respondents.

HAYNES, C.—This is an appeal by Kate Bories from parts of a judgment entered in the above-entitled action, or proceeding, taken upon the judgment-roll and bill of exceptions.

Appellant, on January 21, 1898, commenced an action upon a promissory note executed by said building and loan association in 1896, and in said action on January 31, 1898, attached real estate of said defendant. On February 7, 1898, in an action commenced by the attorney-general, said association was found to be insolvent, and was enjoined from the further transaction of business, and a receiver was appointed. On appeal that part of the judgment appointing a receiver was reversed. (*People* v. *Union Building and Loan Assn.*, 127 Cal. 400.) After said reversal, upon the petition of a stockholder, receivers were appointed.

Afterwards, pursuant to an order of the court requiring claimants to present their claims for adjudication, appellant presented her claim for the amount due on the obligation sued upon and costs. Appellant presented her claim, reserving, however, all rights under her attachment; and upon the hearing of her claim the court found the execution and delivery of the note, that it was executed in consideration of a valid claim against the association, that at the time her action was brought, and the attachment levied, the defendant corporation was being investigated by the board of commissioners, and was found by said board to be conducting an unsafe business, that the attorney-general brought an action against the corporation, and in said action an order was made enjoining it from continuing its business, and appointing a receiver to wind up its affairs.

As conclusions of law, the court found her claim for principal and interest to be valid; that she should be paid said sum of fifteen hundred dollars with interest, "in the course of liquidation *pro rata* with other creditors, after payment in full for claims against said defendant corporation for cash money loaned to said corporation, and that said attachment was illegally levied and therefore void, and that claimant is not entitled to costs incurred in her said action," and judgment was entered accordingly. This appeal is taken by Kate Bories, the claimant, from so much of said judgment as disallows the costs of her said action amounting to $13.25, and from that part which directs the receivers to pay her claim "*pro rata* with other creditors after full satisfaction of all claims for cash money loaned to said defendant corporation."

Prior to the entry of this judgment appellant's said attachment was dissolved upon motion of the receivers. Appellant here, Kate Bories, in due time appealed from that order, and upon the hearing in this court the order dissolving the attachment was reversed. (See *Bories* v. *Union Building and Loan Assn., ante,* p. 74, this day decided.)

1. Appellant's attachment being valid, and her said action authorized and unreversed, her costs were secured by the attachment, and should be paid in full from the proceeds of the sale of the attached property, her claim for costs standing, in that respect, with the judgment for $1,807.50, allowed upon her claim upon the promissory note.

2. The remaining part of the judgment from which this appeal is taken is also erroneous. Her attachment lien was unaffected by the appointment of the receivers. The property attached came into their hands charged with the lien of the attachment, and when sold by them the proceeds are still charged with the lien, and must be applied by the receivers in payment of appellant's claim. (See *Bories* v. *Union Building and Loan Assn., ante,* p. 74, this day decided, and authorities there cited.)

If the proceeds of the attached property are sufficient, her claim must be paid in full. If insufficient, the remainder thereof will stand as an unsecured claim and share in a *pro rata* distribution of the assets.

3. Nor can we see any ground for the distinction made by the court between "claims for cash money loaned" and the claim of appellant concerning which claim the court found: "That the said note was executed for and in consideration of a valid claim of said assignor [Joseph Bories, to whom the note was made] against said defendant corporation for the surrender of a certificate of shares of stock in the said corporation duly appraised and estimated to be worth the face value of the said note." We see no distinction in the character or consideration of a note given in discharge of a debt or liability against the maker for a given amount of money and a note or obligation for the same amount for "cash money" loaned. Besides, the effect of this part of the judgment would be, that creditors whose claims are for money loaned would be put in a preferred class and paid in full, and the remaining creditors would share

*pro rata* in any balance that might remain after the claims of the preferred class should be paid in full.

Counsel for respondents do not cite us any statute or authorities sustaining this part of the judgment, and barely allude to it in the briefs. It is clear that the findings do not justify or sustain the judgment as to the parts appealed from, and as to such parts the judgment should be reversed, with directions to amend the judgment by an order to the receiver to apply the proceeds of the sale of the attached property to the payment of appellant's said claim in full, if it be sufficient to do so, and if it be insufficient, that as to the deficiency she share *pro rata* with the unsecured creditors.

Cooper, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion it is ordered that the judgment as to the parts appealed from be reversed, and that an order be made by the court below directing the receivers to apply the proceeds of the property attached by appellant to the payment of her claim in full, if it be sufficient to do so, and if it be insufficient, that as to the deficiency she share *pro rata* with the unsecured creditors.

Shaw, J., Angellotti, J., Van Dyke, J.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing in Bank.